## BANKRUPTCY OF F. G. PADEKEN.

### BEFORE JUDD, J.

### FEBRUARY, 1876.

The escape of a debtor from the Kingdom, to avoid arrest and punishment on a criminal charge, held to be with intent to defraud creditors, and therefore an act of bankruptcy.

### DECISION OF JUDD, J.

H. A. Widemann, a creditor, filed his petition February 4, 1876, praying to have one Frederick G. Padeken declared a bankrupt, alleging that the debtor is owing debts to the amount of two thousand dollars, and that he owed petitioner over four hundred dollars, and that the said Padeken had departed this Kingdom on the 15th of October, 1875, with the intent to defraud and delay his creditors.

The restraining order to the Marshal was issued, as was also the order of notice of hearing and directing service on the debtor, returnable on February 25, 1876. At the hearing, due proof of publication was made and the Marshal returned the restraining order complied with, and that he had not served the debtor as he was not in the Kingdom.

Mr. A. S. Hartwell asked leave to appear for H. B. Jackson, and contest the petition, showing to the Court that he had received satisfaction of judgment had in this Court at the last

October term against said Padeken on a writ of execution issued on said judgment at a date subsequent to the alleged act of bankruptcy. Objection being made and argument had thereon, the Court ruled that H. B. Jackson was not a creditor, and his interest in this matter was too remote to admit him as a party, it being merely the liability to be sued by the assignees when elected.

Mr. S. B. Dole asked leave to appear for E. Mikalemi, Haula, Hookano and Kapono, showing to the Court that on the 15th of September, 1875, they signed three several bail bonds executed by the said F. G. Padeken as principal, as sureties to the same for the aggregate penal sum of twenty-two hundred dollars, payable to W. C. Parke, Marshal of the Kingdom, conditional on the appearance of the said Padeken at the November term, 1875, of the Third Judicial Circuit Court, and that the said bonds were forfeited by the failure of the said Padeken to appear at said Court. Section 969 of the Civil Code was cited, which reads as follows: "Debts not due may be proved before the Justice, allowing a discount for interest, and all persons who are endorsers or sureties for the debtor, or who have demands against him as drawer or endorser of any note, and all who have demands upon any bottomry or respondentia bond, or for a debt that may become due upon any other contingency whatever, may be considered as creditors within the provisions of this article: Provided, that the bill, note, bond or other contract be made by the debtor before the bankruptcy committed, and that the debt demanded thereupon shall become absolute before the final dividend of the bankrupt's estate."

The Court ruled that although this section might give the parties the right to come in and prove their claims, if bankruptcy of the debtor be declared, yet they are not creditors with an interest to protect so as to allow them to contest this proceeding, for it appeared that they had not paid the amounts of the penalties of the bail bonds, nor had they commenced any action to recover the same against their principal.

As laid down in *Bolles vs. Padeken,* 3 Hawn., 664, "the Court

must be satisfied that the intervention of the opposing creditor will serve a useful purpose either in protecting the rights of the applicant or those of the creditors at large."

The appearance of Mr. Hartwell for Dr. Wight, claiming under a deed from Padeken, which might be sought to be annulled by a suit, was denied on the ground that he was not a creditor, and therefore did not come within the above rule.

The Court then took the testimony offered.

PER CURIAM: I find that claims to the amount of over two thousand dollars have been proved against the debtor, *i.e.*: H. A. Widemann on two promissory notes—one for $368,

| | | |
|---|---:|---:|
| one for $150—which, with interest, amounts to $ | 713 | 60 |
| Bolles & Co. | 480 | 12 |
| J. L. Keaunui, on note | 340 | 00 |
| W. C. Jones, on note | 50 | 00 |
| R. Love, for back rents of property on Hawaii | 1,160 | 00 |
| | $2,743 | 72 |

The "act of bankruptcy" relied upon is the departure of the said debtor from the Kingdom with the intent to defraud or delay his creditors; and it appears in proof that the said Padeken was, on the 15th of October, 1875, under two committals for trial at the Circuit Court to be holden on Hawaii in November following—one for larceny and one for receiving stolen goods; and that he had been convicted of larceny, from which conviction he had appealed to the same Court. He was, therefore, under three criminal charges when he absconded this Kingdom secretly, and was next heard from in San Francisco by letter under date of November 18, 1875.

In order to constitute the departure from the Kingdom an act of bankruptcy, it must be with intent to defraud or delay his creditors.

The circumstances under which this debtor has departed this Kingdom should be considered. He escaped in order to avoid arrest and imprisonment, and has put himself in a position which makes it impossible for him to continue his business,

and so his creditors will, of necessity, be defrauded or delayed. The immediate object of his departure from the Kingdom was not the defrauding or delaying his creditors, yet, as the departure was to avoid imprisonment, it is extremely improbable that he will ever return, as it is to be assumed that no man willingly suffers imprisonment when he can avoid it. The necessary and natural consequence of his act being to defraud or delay his creditors, he must, in law, have so intended it.

See *Fowler vs. Padgett*, 7 Term R., 509: citing *Woodier's Case* and *Raikes vs. Poreau.*

I therefore adjudge and decree Frederick G. Padeken to be bankrupt.

*W. C. Jones*, for petitioner.

February 28, 1876.